

**U.S. Department of Justice**

*Office of the United States Trustee*
*Eastern District of New York*
*Brooklyn Division*

201 Varick Street, Suite 1006
New York, NY 10014
Telephone Number: 212.510.0500

May 9, 2018

<u>Filed Via ECF</u>
Chambers of the Honorable Nancy Hershey Lord
United States Bankruptcy Judge
United States Bankruptcy Court EDNY
271 Cadman Plaza East
Brooklyn, New York 11201

                **Re:**     **90 West Street LLC., 18-40515 (NHL)  (the "Debtor")**

Dear Judge Lord:

      I am writing with regard to the hearing on bid procedures that was held yesterday, and the proposed order (the "Bid Procedures Order") that has been circulated in connection with the motion.  As discussed at yesterday's hearing, the United States Trustee has concerns primarily related to jurisdiction of this Court to issue an order that affects and encompasses the assets of non-debtor entities.  For the reasons outlined below, the United States Trustee is not in a position to negotiate the terms of the Bid Procedure Order because it seeks the imprimatur of this Court with regard to bid procedures and sale affecting non-debtor property which is beyond the jurisdiction of the Bankruptcy Court.

      Specifically, the Proposed Bid Procedures Order relates to the sale of the real property owned by 90 West Street LLC (the "Debtor"), as well as the non-debtor assets of Woodbriar Health Center LLC and Grosvenor Park Health Center LLC.  While the Bankruptcy Code and other relevant federal statutes provide the Court with the authority to issue orders affecting property of the Debtor's estate, this authority simply does not extend to non-debtor assets.

      In addition, there are other concerns with regard to the Bid Procedures Order, including the fact that the Break-Up Fee is an ever-changing number that would make it difficult, if not impossible for prospective bidders to know how much to bid in order become a qualified bidder.  Also, providing the Stalking Horse with the ability to bid $1,000 more than the highest bidder in order to be the successful bidder would, no doubt, have a chilling effect on the bidding process.

      In light of fact that this bankruptcy case involves a two-party dispute that has been consensually resolved between the Debtor and its lender, it appears that the best way to proceed may be to dismiss this case.  The parties would then be free to sell the properties under agreed upon terms without the constraint of the Bankruptcy Court.

      Thank you for your courtesies.

                                                                Very truly yours,

                                                                WILLIAM K. HARRINGTON
                                                                UNITED  STATES  TRUSTEE
                                                                REGION 2
                                                                 *By:<u>Marylou Martin</u>*
                                                                  Marylou Martin
                                                                  Trial Attorney