UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

|  |  |
|---|---|
|  | Chapter 11 |
| 90 West Street LLC, |  |
|  | Case No. 1-18-40515-nhl |
| Debtor. |  |

------------------------------------------------------------------x

### ORDER APPROVING BID PROCEDURES AND PROVIDING CERTAIN PROTECTIONS TO STALKING HORSE RELATED TO THE PROPOSED SALE OF THE DEBTOR'S REAL PROPERTY AND GRANTING RELATED RELIEF

Upon the motion (the "Motion") of 90 West Street LLC ("Debtor"), as a debtor and debtor-in-possession in the above captioned case, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the Bid Procedures,[1] which are attached hereto as Exhibit 1, in connection with the sale of the Debtor's real property at 90 West Street, Wilmington, Massachusetts (the "Real Property"), and providing certain protections to a new duly organized entity to be formed by Zigmund Brach and other investors (the "Stalking Horse"), including the form and manner of service of the notice attached hereto as Exhibit 2; and the Court having conducted multiple hearings  (collectively, the "Hearing") to review the proposed bidding procedures to confirm that the same shall only apply to the Debtor's real property and that the Bankruptcy Court shall not rule upon any sales of non-

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion or Bid Procedures.

debtor assets, even if they are a condition of the Stalking Horse contract; and based upon the totality of the Record of the Hearing, the Court having found that (i) it has jurisdiction only over the Debtor's property pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and no further or other notice is required; and (v) a reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons; after due deliberation the Court having determined that the relief requested in the Motion as modified to eliminate Bankruptcy Court jurisdiction over non-Debtor sales (x) represents a sound exercise of the Debtor's business judgment, (y) is necessary and essential to maximize the value of the Debtor's estate and (z) is in the best interests of the Debtor, its estate and its creditors; and upon the record herein; and after due deliberation thereon; and good and sufficient cause having been shown;

**IT IS HEREBY FOUND AND DETERMINED THAT:[2]**

A. The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court granting certain of the relief requested in the Motion, including approval of (i) the Bid Procedures, (ii) the Break-Up Fee, consisting of reimbursement of all Operating Contributions made by the Stalking Horse, currently estimated to total approximately $1,000,000, plus the Stalking Horse shall have the right to outbid any other bid received at the Auction by $1,000, and (iii) the form and manner of the Auction and Sale Notice.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

B.      The Bid Procedures are fair, reasonable and appropriate and are designed to maximize the recovery with respect to the Sale.

C.      The Break-Up Fee to be paid constitutes a reimbursement of all Operating Contributions which are being provided by the Stalking Horse to fund operating expense deficiencies pending a sale, plus provide overbid protection based on the right to outbid any other bid received at the Auction by $1,000.  Under the circumstances described herein to the Stalking Horse, the Break-Up Fee is (i) an actual and necessary cost and expense of preserving the Debtor's estate, within the meaning of section 503(b) of the Bankruptcy Code, (ii) reasonable and appropriate in light of the size and nature of the proposed Sale and comparable transactions, the commitments that have been made and the efforts that have been or will be expended by the Stalking Horse.  Accordingly, the Break-Up Fee is reasonable and appropriate and represents the best method for maximizing value for the benefit of the Debtor's estate.

D.      The Debtor has demonstrated a compelling and sound business justification for authorizing the granting of the Break-Up Fee under the circumstances, timing and procedures set forth in the Motion.

E.      The Auction and Sale Notice is appropriate, adequate and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale and the Bid Procedures.  No other or further notice is required for the Sale or the Bid Procedures, as set forth herein and in the Motion.

F.      The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court scheduling a subsequent Sale Hearing to consider granting other relief requested in the Motion, including approval of the Sale and the transfer of the Debtor's

real property assets to the Successful Bidder free and clear of all claims, taxes, liens and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

G.    As demonstrated by the compelling and sound business justifications set forth by the Debtor in the Motion and at the Hearing, the entry of this Order is in the best interests of the Debtor and its estate, creditors, and interest holders and all other parties in interest herein; and therefore

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED to the extent set forth herein.

2.    The Bid Procedures attached hereto as <u>Exhibit 1</u> are approved in all respects and shall govern all bids and bid proceedings relating only to the sale of the Debtor's Real Property. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

3.    The failure specifically to include or reference any particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bid Procedures be authorized and approved in their entirety.

4.    The form and manner of service of the Auction and Sale Notice described in the Motion, and attached hereto as <u>Exhibit 2</u>, are approved in all respects.  The Debtor shall serve the Auction and Sale Notice on all of the Debtor's creditors, parties-in-interest and potentially interested bidders.  Service of the Auction and Sale Notice, as set forth herein, constitutes sufficient notice of the Auction and Sale Hearing.

5.    The Bid Deadline is July 23, 2018 at 4:00 p.m. (prevailing Eastern Time).  All Potential Bidders are required to provide copies of their bids so as to be received in-hand and by electronic mail by the following parties on or before the Bid Deadline:  by (1) counsel for the Debtor, Kevin J. Nash, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New

York, NY 10036, (KNash@gwfglaw.com); (2) counsel for Oxford (as defined below), John Robert Weiss, Duane Morris LLP, 190 South LaSalle Street, Suite 3700, Chicago, IL 60603 (jrweiss@duanemorris.com); and (3) counsel for the Receiver, John T. Morrier, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210 (morrier@casneredwards.com), (collectively, the "Notice Parties").  The Stalking Horse Bid will serve as the opening bid for the Auction.

6.      The Auction, if necessary under the Bid Procedures, will be held at 9:00 a.m. (prevailing Eastern Time) on July 27, 2018 at the offices of Duane Morris LLP, 1540 Broadway, New York, NY 10036.

7.      Objections to the Sale shall be in writing, shall state the basis of such objection with specificity and shall be filed with the Court, and served so as to be received on or before July 27, 2018, at 4:00 p.m. (prevailing Eastern Time) on the Notice Parties.

8.      The Sale Hearing, at which the Debtor shall seek approval of the Successful Bid, shall be held in this Court on **July 30, 2018, at 10:30 a.m.** (prevailing Eastern Time).

9.      The Stalking Horse and Oxford Finance LLC ("Oxford") shall each constitute a Qualified Bidder (as defined in the Bid Procedures) for all purposes and in all respects with regard to the Bid Procedures.  Oxford is permitted to credit bid part or all of its claims in this case pursuant to section 363(k) of the Bankruptcy Code, although it is the parties' current intention to proceed with a sale to the Stalking Horse or another third party without credit bidding.

10.      In the event that Oxford is the Successful Bidder (as defined in the Bid Procedures), Oxford may elect relief from the automatic stay of section 362(a) of the Bankruptcy Code rather than closing of the sale by delivering written notice of its election to the Notice Parties at or before the Sale Hearing, so long as Oxford reimburses the Operating Contributions.  Upon making such

an election, Oxford shall be entitled to entry of an order granting it relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code.

11.     The Debtor is hereby authorized, in the exercise of its sound business judgment, to enter into an asset purchase agreement ("APA") with the Stalking Horse buyer, in form and content subject to Bankruptcy Court approval.  The Auction shall be conducted on the financial terms stated in the APA.  The Break-Up Fee shall be expressly conditioned on the consummation of the Sale to a party that is not the Stalking Horse or affiliated with the Stalking Horse, and shall be paid solely from proceeds of sale at closing of the Sale.  In addition, the Stalking Horse shall have the right to outbid any bid received at the Auction by an overbid of $1,000.

12.     The failure of any objecting person or entity to timely file its objection shall be an absolute bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, or the consummation and performance of the Sale (including the transfer of the Assets free and clear of all Encumbrances).

13.     The Debtor is authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established and relief granted in this Order.

14.     Notwithstanding anything to the contrary in any APA, the Debtor is authorized to interview, qualify, encourage and negotiate with, any Potential Bidder in addition to the Stalking Horse prior to the completion of the Auction.

15.     To the extent, if any, anything contained in this Order conflicts with the Motion, this Order and the provisions of the Bid Procedures attached hereto shall govern and control.

16.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall take effect immediately upon its entry.

17.     This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

18.     The Debtor may not postpone, delay, adjourn, or cancel any times, dates or deadlines contained herein or in the Bid Procedures, including but not limited to the Bid Deadline, the Auction, or the Sale Hearing, without the written consent of Oxford.



**Dated: June 18, 2018**
**Brooklyn, New York**

_Nancy Hershey Lord_
**Nancy Hershey Lord**
**United States Bankruptcy Judge**

**Exhibit 1**

**Bid Procedures**

Set forth below are the bid procedures (the "Bid Procedures") to be employed with respect to the sale of the real property owned by 90 West Street LLC (the "Debtor") located at 90 West Street, Wilmington, Massachusetts (the "Real Property").  90 West Street is the debtor in the chapter case (the "Chapter 11 Case") pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), Case No. 18-40515.

The Debtor proposes to sell the Real Property pursuant to the terms of the Asset Purchase Agreement (the "APA") on file with the Bankruptcy Court to the Stalking Horse Bidder.  The Sale is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Participation Requirements

Any person desiring to submit a competing bid for all or part of the Assets (a "Potential Bidder") will be required to deliver the following (the "Participation Requirements") to the Debtor and Oxford: (1) an executed confidentiality agreement in form and substance satisfactory to the Debtor and to Oxford; and (2) written evidence of available funds or a firm commitment for financing sufficient for the Potential Bidder to consummate the Sale satisfactory to the Debtor and to Oxford.  The financial information and credit-quality support of any Potential Bidder must demonstrate the financial capability of the Potential Bidder to timely consummate the Sale pursuant to a Qualified Bid (as defined below).

Interested investors requesting information about the qualification process, and Qualified Bidders (as defined below) requesting information in connection with their due diligence, should contact the Broker retained by the Debtor.

Due Diligence

The Debtor will afford any Potential Bidder who satisfies the Participation Requirements such due diligence access or additional information as the Debtor, in its business judgment, determines to be reasonable and appropriate; provided, however, that the same access and information must also be made available to the Stalking Horse and the competing bid is on the same financial terms and conditions of the APA, and is not subject to a due diligence contingency. Additional due diligence will not be provided after the Bid Deadline.

<u>Bid Deadline</u>

The deadline for any bids shall be July 23, 2018 at 4:00 p.m. (prevailing Eastern Time). Such bids must be received on or before that date by (1) counsel for the Debtor, Kevin J. Nash, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, (KNash@gwflaw.com); (2) counsel for Oxford, John Robert Weiss, Duane Morris LLP, 190 South LaSalle Street, Suite 3700, Chicago, IL 60603 (jrweiss@duanemorris.com); and (3) counsel for the Receiver, John T. Morrier, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210 (morrier@casneredwards.com), (collectively, the "<u>Notice Parties</u>").

<u>Designation of Stalking Horse Bidder</u>

The Debtor and Oxford have selected the Stalking Horse Bid pursuant to the APA as the current highest and best bid and to serve as the opening bid for the Auction.  The bidding at the Auction will start at the Stalking Horse Bid.  The next highest bid must exceed the Stalking Horse Bid by at least the Break-Up Fee predicated upon reimbursement of the Operating Contribution and all Assumed Liabilities, and will continue in increments of at least $100,000 in cash or cash equivalents, except for the Stalking Horse's right to overbid any competing bid by $1,000.

<u>Bid Requirements</u>

To be eligible to participate in the Auction, each bid and each Potential Bidder submitting such a bid must, in the Debtor's discretion, subject to the approval of Oxford:

(1)     offer to consummate the Sale on terms and conditions substantially similar to the APA, and no less favorable to the Debtor and Oxford;

(2)     include a marked copy of the APA to show any proposed amendments thereto (the "<u>Modified Agreement</u>") and a clean and executed Modified Agreement;

(3)     include a statement that there are no conditions precedent to the bidder's ability to enter into a definitive agreement consistent with the APA and that all necessary internal and shareholder approvals have been obtained prior to the bid;

(4)     state that such offer is binding and irrevocable until the consummation of the Sale;

(5)     offer to pay a purchase price that is greater than all of the components for the Stalking Horse Purchase Price, including the reimbursement of the Operating Contribution;

(6)     disclose the identity of each entity that will be bidding or otherwise participating in connection with such bid, and the complete terms of any such participation;

(7)     include the names and contact information of members of the bidder who will be available to answer questions regarding the offer, including advisors and related parties;

(8)     include a good-faith deposit in immediately available funds in the amount of $2,000,000;

(9)     provide written evidence of available funds or a firm commitment for financing sufficient to consummate the Sale satisfactory to the Debtor with the approval of Oxford;

(10)     provide for the purchase of the Real Property; and

(11) provide information on the operational and financial capabilities of the proposed bidder sufficient to allow the Debtor and Oxford to determine such bidder's ability to consummate the transaction.

Bids may provide for either a for-profit entity or a not-for-profit entity as the owner of the Property.

## Qualified Bidders and Bids

Potential Bidders who have satisfied the Participation Requirements will be deemed "Qualified Bidders." Bids that contain all bid requirements, as determined by the Debtor and Oxford, will be deemed "Qualified Bids." The Debtor and Oxford reserve the right to waive noncompliance with any bid requirement.

The Debtor will advise each Potential Bidder whether they are deemed to be a Qualified Bidder and whether their bid is a Qualified Bid before the Auction.  The Stalking Horse and Oxford are deemed Qualified Bidders and the Stalking Horse Bid is a Qualified Bid in all respects.  The Debtor will provide copies of the Qualified Bids to Oxford and to the Receiver.

## Auction Participation

Unless otherwise agreed to by the Debtor, only Qualified Bidders, Oxford, and their legal or financial professionals are eligible to attend or participate at the Auction. Oxford is not waiving its credit bid right, although it is the parties' current intention to proceed with a sale to the Stalking Horse or another third party without credit bidding.

Subject to the other provisions of the Bid Procedures, if the Debtor does not receive any Qualified Bids other than the Stalking Horse Bid or if no Qualified Bidder other than the Stalking Horse has indicated its intent to participate in the Auction, the Debtor will not hold an Auction and the Stalking Horse will be named the Successful Bidder.

<u>Auction</u>

If any Qualified Bid other than the Stalking Horse Bid for the Assets has been received and any Qualified Bidder other than the Stalking Horse has indicated its intent to participate in the Auction, the Debtor will conduct the Auction at 9:00 am (prevailing Eastern Time) on July 30, 2018 at the offices of Duane Morris LLP, 1540 Broadway, New York, NY 10036.  At the Auction, only the Stalking Horse and other Qualified Bidders will be permitted to increase their bids or make any subsequent bids.  The Debtor, with the reasonable approval of Oxford, may conduct the Auction in the manner it reasonably determines, in its business judgment, will promote the goals of the bid process, will achieve the maximum value for the Real Property and is not inconsistent with any of the provisions of the Bid Procedures, the Bankruptcy Code or any order of the Bankruptcy Court entered in connection herewith. Such rules will provide that:

(1)     the procedures must be fair and open, with no participating Qualified Bidder disadvantaged in any material way as compared to any other Qualified Bidder; and

(2)     all bids will be made and received in one room, on an open basis, and all other Qualified Bidders will be entitled to be present for all bidding with the understanding that the true identity of each Qualified Bidder and all of its principals will be fully disclosed to all other Qualified Bidders and that all material terms of each Qualified Bid will be fully disclosed to all other bidders throughout the entire Auction;

(3)     each Qualified Bidder will be permitted a fair, but limited, amount of time to respond to the previous bid at the Auction;

(4)     as part of the Break Up Fee, the Stalking Horse shall have the right to outbid any other bid by $1,000.

<u>Closing the Auction</u>

The Auction shall continue until there is only one offer that the Debtor and Oxford determine, subject to Bankruptcy Court approval, is the highest and best offer from among the Qualified Bidders (including the Stalking Horse) submitted at Auction (the "<u>Successful Bid</u>"). The Qualified Bidder submitting such Successful Bid shall become the "<u>Successful Bidder</u>," and shall have such rights and responsibilities of a purchaser, as set forth in the APA (or Modified Agreement, as applicable).

Immediately prior to the conclusion of the Auction, the Debtor and Oxford shall (1) review each bid made at the Auction on the basis of financial and contractual terms and such other factors as may be relevant to the sale process, including those factors affecting the speed and certainty of consummating the Sale; (2) identify the Successful Bid; and (3) notify all Qualified Bidders at the

Auction, prior to its conclusion, of the name or names of the Successful Bidder and the amount and other material terms of the  Successful Bid.

The Debtor and Oxford shall also select a back-up bid (the "Back-Up Bid"), which shall remain open and irrevocable until one (1) business day after the closing of the sale with the Successful Bidder. In the event that, for any reason, the Successful Bidder fails to close the transaction contemplated by the Successful Bidder, the Debtor and Oxford may elect to regard the Back-Up Bid as the highest or best bid for the Assets, and the Debtor will be authorized to consummate the transaction contemplated by the Back-Up Bid without further hearing or order of the Bankruptcy Court.

**Exhibit 2**

**Proposed Auction and Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | : | |
|  | : | **CHAPTER 11** |
| **90 West Street LLC,** | : | |
|  | : | **CASE NO. 18-40515 (NHL)** |
| Debtor. | : | |
|  | : | |

---

### NOTICE OF AUCTION AND SALE

     **PLEASE TAKE NOTICE** that on May 4, 2018, 90 West Street LLC ("Debtor"), the debtor in the above captioned bankruptcy case, filed its Motion for Orders (i) approving bid procedures and providing certain protections to a stalking horse (the "Stalking Horse"); and (ii) authorizing the (a) sale of substantially all of its assets, free and clear of all liens, claims and encumbrances, and (b) the assumption and assignment of certain executory contracts and leases (the "Sale Motion") with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). The Debtor is currently soliciting bids from other parties interested in its assets and the assets of Woodbriar Health Center, LLC. All parties that may be interested in submitting a bid for substantially all of the Assets[1] or taking part in the Auction must read carefully both the Bid Procedures and the order approving the Bid Procedures (the "Bid Procedures Order").

     **PLEASE TAKE FURTHER NOTICE** that on [_____, **2018]**, following a hearing held on May 31, 2018, the Bankruptcy Court entered the Bid Procedures Order and

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them in the Bid Procedures.

scheduled a hearing to consider the Sale Motion for **July 30, 2018** at **9:30 a.m**. (prevailing Eastern Time) (the "Sale Hearing").  You may obtain a copy of the proposed asset purchase agreement negotiated and agreed to with the Stalking Horse (the "APA") by making a written request to the undersigned counsel.

Only those parties that submit Qualified Bids may participate in the Auction; if you are interested in determining how to submit such a Qualified Bid, you must comply with the terms of the Bid Procedures.  Any party in interest wishing to receive a complete set of the APA, the Sale Motion, and the Bid Procedures Order may do so free of charge by contacting counsel for the Debtor, Kevin J. Nash, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, (KNash@gwfglaw.com).

**PLEASE TAKE FURTHER NOTICE** that any party that wishes to take part in this process and submit a bid for the Assets must submit their Qualified Bid prior to **July 23, 2018 at 4:00 p.m. (prevailing Eastern Time)**. (the "Bid Deadline") to) to: (1) counsel for the Debtor, Kevin J. Nash, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, NY 10036, (KNash@gwfglaw.com); (2) counsel for Oxford Finance LLC, John Robert Weiss, Duane Morris LLP, 190 South LaSalle Street, Suite 3700, Chicago, IL 60603 (jrweiss@duanemorris.com); and (3) counsel for the Receiver, John T. Morrier, Casner & Edwards, LLP, 303 Congress Street, Boston, MA 02210 (morrier@casneredwards.com), (collectively, the "Notice Parties").  The Debtor and Oxford shall determine whether a bidder is a Qualified Bidder.

**PLEASE TAKE FURTHER NOTICE** that if more than one Qualified Bid for any of the Assets is received by the Bid Deadline, an auction (the "Auction") with respect to a contemplated

transaction shall take place on **July 27, 2018, at 9:00 a.m.** (prevailing Eastern Time) at the offices of Duane Morris LLP, 1540 Broadway, New York, NY 10036.  If, however, if no Qualified Bid is received by the Debtor (other than the Stalking Horse Bid) for the Assets by the Bid Deadline, then the Auction will not be held, the Stalking Horse will be deemed the Successful Bidder and the APA will be the Successful Bid, and, at the Sale Hearing, the Debtor will seek approval of and authority to consummate the transaction contemplated by such APA.

Only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate at the Auction.  Only the Debtor, Qualified Bidders, Oxford, and their respective legal or financial professionals are eligible to attend the Auction.  At the Auction, Qualified Bidders will be permitted to increase their bids.  The bidding at the Auction shall start on the terms set forth in the Stalking Horse Bid as disclosed to all Qualified Bidders prior to commencement of the Auction.  The next highest bid must exceed the Stalking Horse Bid by at least the Bid Protections, and will continue in increments of at least $100,000 in cash or cash equivalents.  The Successful Bid shall be determined by the Debtor and Oxford, or as determined by the Bankruptcy Court in the event of a dispute.

At the Sale Hearing, the Debtor will present the Successful Bid to the Bankruptcy Court for approval.  The Debtor will sell the Assets to the Successful Bidder.  If a Successful Bidder fails to consummate an approved Sale because of a breach or a failure to perform on the part of such Successful Bidder, the next highest or otherwise best Qualified Bid, as approved at the Sale Hearing, shall be deemed to be the Successful Bid and the Debtor shall be authorized to effect such Sale without further order of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system, with a copy delivered to the Hon. Nancy Hershey Lord, and shall be served upon: (a) the Office of the United States Trustee for the Eastern District of New York, Brooklyn Division, 201 U.S. Federal Office Building, Varick Street, Suite 1006, New York, NY 10014; (b) the Notice Parties; and (c) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules, so as to be actually received no later than **July 27, 2018 at 4:00 p.m.** (prevailing Eastern Time).  Only those responses that are timely filed, served and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of orders granting the Motion as requested by the Debtor.

Dated:_____, 2018

<div style="margin-left:40%">

90 WEST STREET LLC

By: _/s/ Kevin J. Nash_
    Kevin J. Nash
    GOLDBERG WEPRIN FINKEL
    GOLDSTEIN LLP
    1501 Broadway, 22 Floor
    New York, NY 10036
    (212) 221-5700
    *Counsel for 90 West Street LLC*

</div>